UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MOHAMMAD AQEEL HUSSAINI,

     *Petitioner*,

v.                           Case No. 3:26-cv-582-JEP-PDB

BAKER COUNTY DETENTION
CENTER, et al.,

     *Respondents*.

_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, to provide him with a bond hearing pursuant to 28 U.S.C. § 1226(a). (*See* Doc. 1 at 9). Petitioner alleges that he is a citizen of Afghanistan who entered the United States on October 2, 2023, and "surrendered to immigration authorities." (*Id.* at 3). He was released on his own recognizance, but subsequently re-detained on November 30, 2025, at his residence. (*Id.* at 4).[1] He contends, among other

---

[1] The Federal Respondents contend that ICE re-detained Petitioner "during a check-in at an Intensive Supervision Appearance Program . . . facility" on December 1, 2025. (Doc. 12 at 2). Either way, the Court's analysis is the same.

things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See id.* at 2, 5-8). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Doc. 1; *see also* Doc. 12 at 7-12).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026).[2] However, on

---

[2] To the extent the Federal Respondents argue that Petitioner failed to exhaust his administrative remedies prior to filing this case, the Court rejects their argument. At the time Petitioner filed this case, any administrative request for a bond hearing would have been futile, because the Board of Immigration Appeals ("BIA") had conclusively determined that immigration judges had no authority to consider bond requests from aliens like Petitioner. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220-28 (BIA 2025). Because the BIA had "predetermined" the issue, requiring Petitioner to pursue further administrative remedies before the Petition was filed would have been futile. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"); *see, e.g., Fonseca v. Ripa*, No. 3:26-cv-309-MMH-MCR, 2026 WL 1072778, at *2 (M.D. Fla. Apr. 21, 2026) ("Requiring [the petitioner] to appeal [the immigration judge's denial of his request for a custody redetermination] to the BIA or make any further administrative request for a bond hearing would be futile."); *Puga v. Assistant Field*

May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[3] This Court is bound by the Eleventh Circuit's decision in this case.[4]

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[5] Within

---

*Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of [the p]etitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility.").

[3] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[4] Although an immigration judge ordered Petitioner removed from the United States on June 27, 2025, that order is not yet final. (*See* Doc. 1 at 4; Doc. 12 at 2).

[5] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668,

**seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 11) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on June 8, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

4

c:
Counsel of Record